UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
S. KATZMAN PRODUCE INC. and
KATZMAN BERRY CORP.,                                        Case No. 16-cv-7814

                              Plaintiffs,

                                                            **COMPLAINT**

         - against -

ONE 212 LLC d/b/a EVERGREEN FARM MARKET,
CHANHEE LEE and JONG SOON KIM,

                              Defendants.
-------------------------------------------------------------------X

        Plaintiffs S. Katzman Produce Inc. ("Katzman") and Katzman Berry Corp. ("Katzman

Berry"; collectively with Katzman, "Plaintiffs"), by and through undersigned counsel, as and for

their complaint against defendants One 212 LLC d/b/a Evergreen Farm Market ("Evergreen"),

Chanhee Lee ("Lee") and Jong Soon Kim ("Kim") (Evergreen, Lee and Kim collectively,

"Defendants"), allege as follows:

                              **JURISDICTION AND VENUE**

        1.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities

Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

        2.      Venue in this District is based on 28 U.S.C. § 1391 in that a substantial part of the

events giving rise to Plaintiffs' claims occurred in this District.

                                   **PARTIES**

        3.      Plaintiff Katzman is a New York corporation with its principal place of business in

the Bronx, New York, engaged in the business of buying and selling wholesale quantities of produce

in interstate commerce, and was at all relevant times subject to and licensed under the provisions of

PACA as a dealer.

4.      Plaintiff Katzman Berry is a New York corporation with its principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

5.      Defendant Evergreen is a New Jersey limited liability company with its principal place of business in Oakhurst, New Jersey, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to licensure under the provisions of PACA as a dealer.

6.      Defendant Lee is and was a member and/or manager of Evergreen during the period of time in question who controlled the operations of Evergreen, and upon information and belief was in a position of control over the PACA trust assets belonging to Plaintiffs.

7.      Defendant Kim is and was a member and/or manager of Evergreen during the period of time in question who controlled the operations of Evergreen, and upon information and belief was in a position of control over the PACA trust assets belonging to Plaintiffs.

## GENERAL ALLEGATIONS

8.      This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

9.      Between July 21, 2016 and August 23, 2016, Plaintiffs sold and delivered to Defendants wholesale quantities of produce which had been shipped or moved in interstate commerce having an aggregate value of $17,963.00.

10.     Defendants accepted the produce, but have failed to pay for the goods when payment was due, despite repeated demands, and presently owe Plaintiffs the aggregate principal amount of $17,963.00.

11.     At the time of receipt of the produce, Plaintiffs became a beneficiaries of the PACA statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

12.     Plaintiffs preserved their respective interest in the PACA trust in the aggregate amount of $17,963.00 and remain beneficiaries until full payment is made for the produce.

13.     Defendants' failure, refusal and inability to pay Plaintiffs indicates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets.

**AS AND FOR A FIRST CAUSE OF ACTION**
**BY PLAINTIFFS AGAINST ALL DEFENDANTS**
(Failure to Pay Trust Funds)

14.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.     The failure of Defendants to make payment to Plaintiffs of trust funds in the amount of $17,963.00 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

16.     Pursuant to PACA and the prevailing cases, Plaintiffs are entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiffs, and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties.

**AS AND FOR A SECOND CAUSE OF ACTION**
**BY PLAINTIFFS AGAINST ALL DEFENDANTS**
(Failure to Make Prompt Payment)

17.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18.     Defendants received each of the produce shipments on which this action is based.

19.     PACA requires Defendants to promptly tender to Plaintiffs full payment for the produce received in those shipments.

20.     Defendants have failed and refused to pay for the produce supplied by Plaintiffs within the period specified on the faces of Plaintiffs' invoices to Defendants.

21.     As a direct and proximate result of Defendants' failure to pay promptly, Plaintiffs incurred damages in the amount of $17,963.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT EVERGREEN
(Failure to Pay For Goods Sold)

22.     Plaintiffs incorporates each and every allegation set forth in paragraphs 1 to 21 above as if fully set forth herein.

23.     Defendants failed and are unable to pay Plaintiffs the aggregate amount of $17,963.00 owed to Plaintiffs for goods received by Defendants from Plaintiffs.

24.     As a direct and proximate result of Defendants' failure to pay promptly, Plaintiffs have incurred damages in the amount of $17,963.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT EVERGREEN
(Breach of Contract)

25.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26.     Evergreen received Plaintiffs' invoices without objection on or about the dates indicated on the faces of the invoices.

27.     Plaintiffs' invoices to Evergreen constitute valid and enforceable agreements between the parties.

28.     Evergreen breached the agreements between the parties by failing to timely remit payment for the goods it received from Plaintiffs.

29.     Plaintiffs have each performed all of the duties, obligations and conditions precedent on their part to be performed under the invoices.

30.     As a direct and proximate result of Evergreen's breach of contract, Plaintiffs have suffered damages in the amount of $17,963.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## AS AND FOR A FIFTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT LEE
(Unlawful Dissipation of Trust Assets by a Corporate Official)

31.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32.     Defendant Lee is and was a member and/or manager who operated Evergreen during the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to Plaintiffs.

33.     Defendant Lee failed to direct Evergreen to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

34.     Defendant Lee's failure to direct the corporate defendant to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

35.     As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their respective rights as beneficiaries in the produce trust and has been denied payment for the produce they supplied.

//

//

## AS AND FOR A SIXTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT KIM
(Unlawful Dissipation of Trust Assets by a Corporate Official)

36.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 35 above as if fully set forth herein.

37.     Defendant Kim is and was a member and/or manager who operated Evergreen during the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to Plaintiffs.

38.     Defendant Kim failed to direct Evergreen to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

39.     Defendant Kim's failure to direct the corporate defendant to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

40.     As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their respective rights as beneficiaries in the produce trust and has been denied payment for the produce they supplied.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT KIM
(Breach of Personal Guaranty)

41.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 40 above as if fully set forth herein.

42.     As an inducement to allow Evergreen to purchase produce from Plaintiffs, Kim gave Plaintiffs a personal guaranty of payment and performance of all obligations of Evergreen.

43.     Plaintiffs agreed to sell produce to Evergreen, in part, in reliance on Kim's personal guaranty of payment and performance.

44.     Kim has failed and refused to pay the debt due Plaintiffs from Evergreen despite due demand.

45.     As a direct and proximate result of Kim's failure to comply with his obligations under the personal guaranty, Plaintiffs have suffered damages in the aggregate amount of $17,963.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

46.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 45 above as if fully set forth herein.

47.     PACA and Plaintiffs' invoices entitle Plaintiffs to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

48.     As a result of Defendants' continued failure to make full payment promptly in the amount of $17,963.00, Plaintiffs have been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiffs requests the following relief:

A.     On the first cause of action, judgment in favor of Plaintiffs and against all Defendants, jointly and severally, in the amount of $17,963.00 under the trust provisions of PACA;

B.     On the second cause of action, judgment in favor of Plaintiffs and against all Defendants, jointly and severally, in the amount of $17,963.00 under the trust provisions of PACA;

C.     On the third cause of action, judgment in favor of Plaintiffs and against Evergreen in the amount of $17,963.00;

D.     On fourth cause of action, judgment in favor of Plaintiffs and against Evergreen in the amount of $17,963.00;

E.      On the fifth cause of action, judgment in favor of Plaintiffs and against Lee in the amount of $17,963.00 under the trust provisions of PACA;

F.      On the sixth cause of action, judgment in favor of Plaintiffs and against Kim in the amount of $17,963.00 under the trust provisions of PACA;

G.      On the seventh cause of action, judgment in favor of Plaintiffs and against Kim in the amount of $17,963.00;

H.      On the eighth cause of action, judgment in favor of Plaintiffs against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

I.      Such other and further relief as the Court deems just and proper.

Dated: October 6, 2016

> Respectfully submitted,
> McCARRON & DIESS
> Attorneys for Plaintiffs
>
> By:    /s/ Gregory Brown
> Gregory Brown
> 707 Walt Whitman Road, Second Floor
> Melville, New York 11747
> Phone:       (631) 425-8110
> Fax:         (631) 425-8112
> gbrown@mccarronlaw.com